UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND,<br><br>    Plaintiff<br><br>v.<br><br>LISA M. CLARK,<br><br>    Defendant | Case No.: 3:21-cv-00291-MMD -WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 3, 7, 8 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an amended complaint (ECF No. 7), which the court will now screen under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. In addition, Plaintiff has filed a motion for appointment of counsel (ECF No. 3) and another motion for leave to proceed *in forma pauperis* (IFP).

After a thorough review, it is recommended that Plaintiff's amended complaint be dismissed with prejudice, and that the motion for appointment of counsel and second motion for leave to proceed IFP be denied as moot.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint and application to proceed IFP on July 6, 2021. (ECF Nos. 1, 1-1.) The court issued an order granting Plaintiff's application to proceed IFP, and requiring him to pay the $350 filing fee

over time. The court also screened his complaint and dismissed it with leave to amend. (ECF No. 5.) After filing his initial complaint, he filed a motion for appointment of counsel. (ECF No. 3.) Plaintiff has now filed an amended complaint. (ECF No. 7.) He has also filed a second motion for leave to proceed IFP (ECF No. 8.)

## II. DISCUSSION

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The amended complaint again names Lisa M. Clark, whom Plaintiff again alleges is an employee of the Attorney General's Office and the Clerk of Court. (ECF No. 7 at 2.) Like the original complaint, Plaintiff makes reference to sexual harassment and bribery. He states that he was conversing about complaints and 'she went into bribery mode, asking me personal questions, then it would lead to simulating activities." Plaintiff does not allege what was said or

what type of bribery or inappropriate comments he contends Ms. Clark made. He also references a request to place money in an outside account but provides no other factual allegations or context.

As with the original complaint, the allegations of the amended complaint are vague and disjointed and without any factual basis to state a constitutional claim against Ms. Clark. Since Plaintiff has already been given an opportunity to amend to state a claim, it is recommended that this action be dismissed with prejudice. As a result, Plaintiff's motion for appointment of counsel (ECF No. 3.) should be denied as moot. Plaintiff has already been granted IFP status; therefore, his second IFP motion (ECF No. 8) should likewise be denied as moot.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** the amended complaint (ECF No. 7) **WITH PREJUDICE**, and **DENYING AS MOOT** Plaintiff's motion for appointment of counsel (ECF No. 3) and second motion to proceed IFP (ECF No. 8).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 27, 2021

_____
William G. Cobb
United States Magistrate Judge